















SWD   2/24/06   11:09

3:06-CV-00348   SHEPARD V. DEES HAIR SALON

*1*

*CMP.*

125908

**PINNOCK & WAKEFIELD, A.P.C.**
Theodore A. Pinnock, Esq.          Bar #: 153434
David C. Wakefield, Esq.           Bar #: 185736
Michelle L. Wakefield, Esq.        Bar #: 200424
3033 Fifth Ave. Suite 410
San Diego, Ca 92103
Telephone: (619) 858-3671
Facsimile: (619) 858-3646

Attorneys for Plaintiff

FILED

06 FEB 15 AM 10: 12

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARGARET SHEPARD**<br><br>Plaintiff,<br><br>v.<br><br>**DEE'S HAIR SALON & BEAUTY SUPPLY; YUVADLE HUILLIER; YVONNE MARQUEZ;**<br>And<br><br>**DOES 1 THROUGH 10, Inclusive**<br>Defendants. | Case No.:   '06 CV 0348   JAH POR<br><br>**CIVIL COMPLAINT:**<br>**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**<br>[42 U.S.C. 12182(a) ET. SEQ; CIVIL CODE 51, 52, 54, 54.1]<br><br>**NEGLIGENCE**<br>[CIVIL CODE 1714(a), 2338, 3333, 3294; EVIDENCE CODE 669(a)]<br><br>DEMAND FOR JURY TRIAL<br>[F.R.Civ.P. rule 38(b); L.R. 38.1 |

## INTRODUCTION

Plaintiff herein complains by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the United States District Court of the Southern District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities. Plaintiff alleges this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates the Title has failed to achieve full and equal access simply by the executive branch of the Federal

1

Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights civil action, the public accommodations do not provide full and equal access. Therefore, Plaintiff makes the following allegations in this federal civil rights action:

## JURISDICTION AND VENUE

1.      The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq. Venue in the Judicial District of the United States District Court of the Southern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiff's claims arose within the Judicial District of the United States District Court of the SOUTHERN District of California.

## SUPPLEMENTAL JURISDICTION

2.      The Judicial District of the United States District Court of the Southern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a). The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts. The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to Defendants' goods, and/or services in violation of both federal and state laws when he attempted to enter, use, and/or exit Defendants' services as described within paragraphs 7 through 10 of this Complaint. Further, due to this denial of full and equal access, Plaintiff and other individuals with disabilities were injured. Based upon the said allegations the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

3.      Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California.

2

Defendants Dee's Hair Salon & Beauty Supply is located at 1061 W. El Norte Parkway, Escondido, California 92026. Plaintiff is informed and believes and thereon alleges that Defendant Yuvadle is the owner, operator and or lessor of the business known as Dee's Hair Salon & Beauty Supply. Defendant Yuvadle Huillier is located at 5944 Rio Valle Drive, Bonsall, California 92003. Defendant Yvonne Marquez is located 1374 Rees Road, Escondido, California 92026.

The words "Plaintiff" and "Plaintiffs" as used herein specifically include Margaret Shepard and persons associated with Margaret Shepard.

4.       Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, and/or agents of Dee's Hair Salon & Beauty Supply; Yuvadle Huillier (also referred to herein as "the owner"); and Yvonne Marquez (also referred to herein as "Marquez"). Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

5.       Plaintiff is informed and believe, and thereon allege, that Defendants and each of them herein were, at all times relevant to the action, the owner, franchisee, lessee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship.

6.       Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

7.       Plaintiff is a 67-year-old woman. For the last 20 years Plaintiff's hair stylist was Defendant Marquez. Around four years ago, Defendant Marquez started to offer her services at Dee's Hair Salon & Beauty Supply. Plaintiff went to Dee's Hair Salon & Beauty Supply at least once a week and paid $80.00 per month for Marquez's services. Plaintiff has a disease of the heart and muscular system, which is progressive; the disease commenced four years ago. Before two years ago

Plaintiff walked. Two years ago, Plaintiff could not walk long distances anymore, thus, she started using a scooter for mobility.

8.     In September 2005, the owner of Dee's Hair Salon & Beauty Supply told Marquez that Plaintiff could not use the scooter in Dee's Hair Salon & Beauty Supply anymore.  Marquez informed Plaintiff that she could not use the scooter in Dee's Hair Salon & Beauty Supply anymore. On or about the 29th of September 2005 Plaintiff asked her husband to go to her Beauty Shop in Escondido with her. Plaintiff had been told that Defendants were going to have some special event going on and Plaintiff could not bring her electric scooter in the shop on that day. In addition, Plaintiff would have to wait outside until her hairdresser was ready for her.  On this day the owner of Dee's Hair Salon & Beauty Supply told James A. Shepherd that Plaintiff could not use the scooter in Dee's Hair Salon & Beauty Supply anymore.  Two weeks later Plaintiff received a voicemail from Marquez stating Plaintiff could not return to Dee's.  Currently, Plaintiff pays $140 per month to a new hair stylist.  Plaintiff desires to return to Dee's or recover $9,360.00 ($140 less $80 times 12 months times life expectancy of 13 more years). In addition, Plaintiff demands $25,000 in damages pursuant to Cal. Civil Code §§ 52(b)(2) for each and every offense of Civil Code § 51.7 from each Defendant for intentional discrimination and Plaintiff demands $4,000 from each Defendant for discrimination.

9.     Based on these facts, Plaintiff alleges she was discriminated against by Defendants. Plaintiff desires to use Defendants' services in the immediate future.

10.     Plaintiff was extremely upset due to Defendants' conduct.

**WHAT CLAIMS ARE PLAINTIFF ALLEGING AGAINST EACH NAMED DEFENDANT**

11.     Defendants Dee's Hair Salon & Beauty Supply; Yuvadle Huillier; and Yvonne Marquez are the commercial tenants of subject property.

12.     Plaintiff avers that the Defendants are liable for the following claims as alleged below:

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

4

CLAIM I: **Denial Of Full And Equal Access**

13.     Based on the facts plead at ¶¶ 7-10 above and elsewhere in this complaint, Plaintiff was denied full and equal access to Defendants' goods, services, privileges, advantages, or accommodations.  Plaintiff alleges Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' services failed to provide full and equal access to Defendants' services as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff was denied equal access to Defendants' services.

14.     Plaintiff has physical impairments as alleged in ¶ 7 above because her conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, her said physical impairments substantially limit one or more of the following major life activities: walking.  In addition, Plaintiff cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person. Moreover, Plaintiff has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

15.     Based on the facts plead at ¶¶ 7-10 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in utilizing Defendants' services, as required by 42 U.S.C. § 12188(a).  Thus, Plaintiff was subjected to discrimination in violation of 42 United States Code 12182 and 42 U.S.C. § 12188 because Plaintiff was denied equal access to Defendants' services.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

16.     Based on the facts plead at ¶¶ 7-10 above and elsewhere in this complaint, Plaintiff was denied full and equal access to Defendants' goods, services, privileges, advantages, or

accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.

17.     These violations denied Plaintiff full and equal access to Defendants' services.  Thus, Plaintiff was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff was denied full and equal access to Defendants' services, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

18.     Based on the facts plead at ¶¶ 7-10 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in utilizing Defendants' services as required by Civil Code § 54.1.  Thus, Plaintiff was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

19.     Based on the facts plead at ¶¶ 7-10 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code 12182, Defendants did and continue to discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

**Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws**

20.     Defendants, each of them, at times prior to and including during the year of 2005 and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to their services.  Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities.  Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical sight disabilities in the respects complained of hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access.  Such actions and

continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

21.    Defendants', and each of their, actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiff and other persons with physical disabilities who have been denied the proper access to which they are entitled by law.  Further, Defendants', and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff and other members of the public with physical disabilities.

22.    Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants from willful disregard of the rights of persons with disabilities.  Plaintiff does not know the financial worth of Defendants, or the amount of treble damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

23.    Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Negligence**

24.    Based on the facts plead at ¶¶ 7-10 above and elsewhere in this complaint, Defendants owed Plaintiff a statutory duty to provide to provide full and equal access.  This said duty arises by virtue of legal duties proscribed by various federal and state statutes including, but not limited to, ADA, Civil Code 51, 52, 54, 54.1.  Title III of the ADA mandates provision of auxiliary aids and related services and prohibits disability discrimination.

25.    Therefore, Defendants engaged in discriminatory conduct in that they failed to comply with known duties under the ADA and knew or should have known that their acts of nonfeasance would cause Plaintiff emotional injury.  Plaintiff further alleges that such conduct was done in reckless

disregard of the probability of said conduct causing Plaintiff to suffer anger, embarrassment, depression, anxiety, mortification, humiliation and distress.  Plaintiff additionally alleges that such conduct caused Plaintiff to suffer damages as a result of these injuries.

## DEMAND FOR JUDGMENT FOR RELIEF:

A.      For general damages pursuant to Cal. Civil Code §§ 52, 54.3, 3281, and 3333 - $9,360.00 ($140 less $80 times 12 months times life expectancy of 13 more years);

B.      For $4,000 in damages pursuant to Cal. Civil Code §§ 52 for each and every offense of Civil Code § 51 and ADA;

C.      For $25,000 in damages pursuant to Cal. Civil Code §§ 52(b)(2) for each and every offense of Civil Code § 51.7 and ADA;

D.      For injunctive relief pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code § 55.  Plaintiff requests this Court enjoin Defendants to provide full and equal access;

E.      For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Civil Code § 55;

F.      For treble damages pursuant to Cal. Civil Code §§ 52(a), and 54.3(a);

G.      A Jury Trial and;

H.      For such other further relief as the court deems proper.

Respectfully submitted:

PINNOCK & WAKEFIELD, A.P.C.

Dated:     February 15, 2006

By: _____
       THEODORE A. PINNOCK, ESQ.
       DAVID C. WAKEFIELD, ESQ.
       MICHELLE L. WAKEFIELD, ESQ.
       Attorneys for Plaintiff

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**   MARGARET SHEPARD

**DEFENDANTS**   DEE'S HAIR SALON & BEAUTY SUPPLY; YUVADLE HUILLIER; YVONNE MARQUEZ; And DOES 1 THROUGH 10, Inclusive

FILED
06 FEB 15  AM 10: 12
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Theodore A. Pinnock, Esq.     SBN 153434
Michelle L. Wakefield, Esq.   SBN 200424
Pinnock & Wakefield, A.P.C.
3033 Fifth Avenue, Suite 410, San Diego, California 92103
Telephone: (619) 858-3671; Facsimile: (619) 858-3646

**ATTORNEYS (IF KNOWN)**

'06 CV 0348   JAH POR

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure Of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | **FEDERAL TAX SUITS** | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
**DEMAND $**
TO BE DETERMINED AT TRIAL
Check YES only if demanded in complaint:
JURY DEMAND ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE                         Docket Number

**DATE** February 15, 2006          **SIGNATURE OF ATTORNEY OF RECORD**

#121868 , $ 250.00